IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER P. RADDANT,

Plaintiff,

STATE OF WISCONSIN DEPARTMENT OF HEALTH
SERVICES and GROUP HEALTH COOPERATIVE OF
EAU CLAIRE,

Involuntary plaintiffs,

v.

DOUGLAS COUNTY, DOUGLAS COUNTY
SHERIFF'S OFFICE, DOUGLAS COUNTY JAIL,
JOHN DOE, and RICHARD ROE,

Defendants.

OPINION and ORDER

22-cv-555-jdp

Plaintiff Christopher P. Raddant is suing Douglas County, related entities, and unknown county employees for using excessive force against him. The parties have filed competing motions. Raddant seeks default judgment against all defendants, including the unnamed defendants, Dkt. 18; Douglas County, Douglas County Sheriff's Office, and Douglas County Jail move to set aside the clerk of court's entry of default and to accept defendants' untimely answer, Dkt. 23 and Dkt. 27. For the reasons explained below, the court will grant defendants' motions and deny Raddant's motion.

Defendants' answer was due on October 25, 2022. Raddant filed his motion for entry of default and default judgment on December 12. The following morning, the clerk of court entered default in accordance with Federal Rule of Civil Procedure 55(a). Later the same day, defendants filed their answer, along with their motions to set aside the default under Rule 55(c) and extend the time for filing their answer.

As an initial matter, Raddant cannot seek default against parties who haven't been served or even identified. Raddant admits in his complaint that "John Doe" and "Richard Roe" are fictitious names for officers who will be named after Raddant conducts discovery, Dkt. 1, ¶¶ 12–13, so it isn't clear why Raddant sought default judgment against them.  As for the other defendants, they filed their answer only a day after Raddant moved for default. Dkt. 23. Defendants explain that they forwarded the summons and complaint to a third-party insurance administrator the same day they received it, but the administrator failed to retain counsel until December 7.

A party seeking to set aside a default must show good cause, timely action to correct the default, and a potentially meritorious defense. *See Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 810 (7th Cir. 2007).  Defendants' excuse in this case isn't compelling, but it doesn't have to be. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 811–12 (7th Cir. 2007).  For this reason, a court may enter a default judgment "only when a party willfully disregards pending litigation." *Id*. An inadvertent failure isn't enough. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

In this case, there is no indication that defendants willfully disregarded the litigation. Defendants' situation is similar to the one in *Parker v. Scheck Mechanical Corp.*, in which the court concluded that it was appropriate to vacate entry of default when there was "a mistake in processing the documents with [the defendant's] insurer." 772 F.3d 502, 505 (7th Cir. 2014). The court concludes that defendants have shown the requisite good cause. Moreover, defendants' delay was not lengthy, so there was no prejudice to Raddant, and defendants have

2

denied in their answer that they have a policy of using excessive force, so there are disputed issues of fact and law. The court will vacate the entry of default and grant defendants' motion for an extension of time to file their answer.

The parties' motions have brought two other issues to the court's attention. The first issue is whether the Douglas County Sheriff's Office and the Douglas County Jail should be parties at all. The court of appeals has held that both jails and sheriff's departments are nonsuable entities because a jail is a building and a sheriff's department is simply part of the county. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). So the court will direct Raddant to show cause why the jail and the sheriff's office should not be dismissed.

The second issue relates to the Wisconsin Department of Health Services and Group Health Cooperative of Eau Claire, which Raddant has identified as "involuntary plaintiffs" because they allege that they paid money on Raddant's behalf. Dkt. 1, ¶¶ 5–6. Raddant appears to believe that Wis. Stat. § 803.03 required him to join the department and Group Health. But in federal court, it is generally the Federal Rules of Civil Procedure that govern, not state procedural rules. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 750 (7th Cir. 2005). And "there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018). Rather, if a plaintiff believes that another party should be joined, the plaintiff should "name a person as a defendant, serve that person with process, and then ask the court to realign the parties." *Id.* Raddant didn't name the department and Group Health as defendants, raising the question whether either party belongs in the case.

3

The department hasn't answered the complaint or appeared in the case, suggesting that it isn't interested in participating. So the court will direct the parties to show cause why the department shouldn't be dismissed from the case. But Group Health has appeared, and it has asserted a subrogation claim against defendants and a claim for reimbursement against Raddant, suggesting that it wants to participate and is not an "involuntary plaintiff." So the court will refer to Group Health as simply a plaintiff for the remainder of the case unless another party shows cause why Group Health is misaligned or should not remain a party.

## ORDER

IT IS ORDERED that:

1. Plaintiff Christopher R. Raddant's motion for default judgment, Dkt. 18, is DENIED.

2. Defendants' motions to vacate the entry of default, Dkt. 27, and for an extension of time to file an answer, Dkt. 23, are GRANTED. Defendants' answer, Dkt. 22, is accepted as the operative pleading of Douglas County, Douglas County Sheriff's Office, and Douglas County Jail.

3. The parties may have until January 5, 2023, to show cause why: (1) Douglas County Sheriff's Office, Douglas County Jail, and Wisconsin Department of Health Services should not be dismissed from the case; (2) Group Health Cooperative of Eau Claire should not be treated as a plaintiff for the remainder of the case. If no party responds by January 5, the court will dismiss the sheriff's office, the jail, and the department and allow Group Health to proceed in the lawsuit as a plaintiff.

Entered December 14, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4